UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY FREGIA,<br><br>            Plaintiff,<br><br>      v.<br><br>J ST. CLAIR, et al.,<br><br>            Defendants. | 1:17-cv-00039-EPG (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

  Mark Fregia ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on January 11, 2017. (ECF No. 1). On February 1, 2017, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 7), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

  Plaintiff's complaint alleges that Licensed Vocational Nurses are conducting illegal cavity searches. Plaintiff believes that only custody staff has the jurisdiction and authority to conduct body cavity searches. Additionally, Plaintiff states that defendant Licensed Vocational Nurse ("LVN") Alexi Medina is harassing Plaintiff. The Court has reviewed the legal standards as it applies to these claims and finds that Plaintiff's complaint fails to set forth a violation of the United States Constitution. Plaintiff does not adequately describe how each named defendant personally participated in violating Plaintiff's constitutional rights. The fact section of Plaintiff's complaint is less than a third of a page, and never mentions J. St Clair and

J. Lewis (two of the parties Plaintiff lists as defendants). While Plaintiff does attach several health care 602s, appeals, and responses, he needs to include all the relevant information in the complaint itself. Additionally, even if the Court were to take into account the facts alleged in the 602s, Plaintiff still does not adequately describe how each named defendant personally participated in violating Plaintiff's constitutional rights.

The Court provides the legal standards below and provides Plaintiff leave to amend his complaint if he believes additional allegations would state a claim consistent with this law.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges in his complaint that custody staff have the jurisdiction and authority to perform cavity searches on inmates (including in their mouth and underneath their tongue). LVNs are not trained, qualified, or authorized to do these cavity searches. Despite this, LVNs are checking to make sure inmates do not "cheek pills." Additionally, Plaintiff alleges that defendant Medina harasses Plaintiff and other inmates.

Plaintiff attaches several health care 602s, appeals, and responses, which deal with the policy of having LVNs conduct searches on inmates and the conduct of defendant Medina.

Plaintiff brings claims for "illegal cavity searches" and "'deliberate indifference' harassment," and asks for $20,000 in damages.

## III. ANALYSIS OF PLAINTIFF'S EXCESSIVE FORCE AND UNREASONABLE SEARCH CLAIMS

### A. Legal Standards

#### 1. Section 1983

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) (internal citations omitted). Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.'" Hemi Group, LLC v. City of New York, 559 U.S.

1, 130 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

The Ninth Circuit has stated:

> [S]ection 1983 suits do not impose liability on supervising officers under a respondeat superior theory of liability. Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." [citation omitted]. The supervising officer has to "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury." [citation omitted].

Graves v. City of Coeur D'Alene, 339 F.3d 828, 848 (9th Cir. 2003); abrogated on other grounds by Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County, 542 U.S. 177 (2004). Additionally, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the

complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

### 2. **Visual Cavity Search**

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa County Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

Plaintiff's complaint does not appear to be challenging the searches themselves. Instead, Plaintiff appears to be arguing that custody staff should have conducted the searches, not an LVN. However, based on the documents provided by Plaintiff, the Inmate Medical Services Policies and Procedures states that "health care staff administering medication through Direct Observed Therapy (DOT) in pill call lines 'shall verify that the medication(s) has been swallowed by completing a visual mouth check and viewing the empty cup.'" (ECF No. 1, p. 12). Therefore, it appears that there is an official policy allowing LVNs to conduct at least a limited visual search of an inmate's mouth. Further, the Court is aware of no legal authority that states that an LVN, who is apparently employed by the CDCR, violates the constitution by conducting a visual check of the mouth of an inmate who just received medication.

Additionally, while Plaintiff's complaint asks for $20,000 in damages, the complaint does not explain what harm Plaintiff suffered by having an LVN conduct the searches instead of custody staff.

Accordingly, based on the foregoing, the Court finds that Plaintiff has failed to state a claim under the Fourth Amendment for unreasonable searches.

### 3. Harassment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under section 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); accord Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). It is possible that harassment constitutes a state law claim, but such a claim is not before this Court under section 1983.

Plaintiff has stated that defendant Medina harassed him, but Plaintiff gives little to no detail as to what form this harassment took, or how many times it happened. Accordingly, Plaintiff has failed to state a claim for excessive force in violation of the Eighth Amendment.

### IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any cognizable claim upon which relief may be granted under section 1983. The Court will dismiss this complaint and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be

freely given when justice so requires."  Accordingly, the Court will provide Plaintiff with leave to file an amended complaint that cures the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file an amended complaint within thirty days of the date of service of this order if he chooses to do so.

Should Plaintiff choose to file an amended complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Id. at 676.  Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of her rights.  Jones, 297 F.3d at 934.  Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims.  Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights.  Plaintiff should also describe any harm she suffered as a result of the violation.  Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim, with leave to amend;
2. The Clerk's Office is directed to send Plaintiff a civil rights complaint form;
3. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;
4. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00039-EPG; and
5. <u>If Plaintiff fails to file an amended complaint within 30 days of the date of service of this order, the Court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a Court order</u>.

IT IS SO ORDERED.

Dated:   **March 10, 2017**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE