UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY FREGIA,<br><br>    Plaintiff,<br><br>v.<br><br>J ST. CLAIR, et al.,<br><br>    Defendants. | 1:17-cv-00039-EPG (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM (ECF NO. 9)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Mark Fregia ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on January 11, 2017. (ECF No. 1).

On March 10, 2017, the Court screened Plaintiff's complaint, and dismissed it with leave to amend. (ECF No. 8).[1] On April 12, 2017, Plaintiff filed his First Amended Complaint, which is now before the Court for screening. Like the previous complaint, the First Amended Complaint alleges that defendant Medina conducted unreasonable searches by having Plaintiff lift his tongue after Plaintiff took his medication, and generally harassed Plaintiff.

The Court finds that Plaintiff's First Amended Complaint fails to state a claim for a violation of the Constitution. Because the Court has previously provided Plaintiff with the applicable law and gave Plaintiff the opportunity to file this amended complaint, and because it

---

[1] On February 1, 2017, Plaintiff consented to magistrate judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 7), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a district judge is required. Local Rule Appendix A(k)(3).

1

appears that further amendment would be futile, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint is similar to his prior complaint. He once again brings claims for "illegal cavity search" and "deliberate indifference harassment," and he again

asks for $20,000 in damages. Plaintiff also once again attaches several health care 602s, appeals, and responses, which deal with the policy of having licensed vocation nurses conduct searches on inmates and the conduct of defendant Medina.

The First Amended Complaint includes additional details regarding the alleged harassment by defendant Medina. Plaintiff alleges that defendant Medina harassed Plaintiff and other inmates over a period of at least eighteen months. Part of the harassment involved making Plaintiff lift his tongue, even after defendant Medina had viewed the inside of Plaintiff's mouth and empty cup to ensure that Plaintiff had taken his medications. No other nurse forced inmates to lift their tongue after already verifying that they had not "cheeked" their pills.

Plaintiff further alleges that defendant Medina's offensive memos,[2] barking out orders, verbal abuse, facial expressions, and body language are "grey areas" that could be considered harassment. Finally, Plaintiff alleges that defendant Medina has had an abnormal amount of prisoner complaints about her behavior.

Plaintiff also included a new claim for "mental anguish over approx. 18 months." According to Plaintiff, he suffered mental anguish because of defendant Medina's harassment, and it left a mental scar.

### III.  ANALYSIS OF PLAINTIFF'S EXCESSIVE FORCE AND UNREASONABLE SEARCH CLAIMS

#### A.  Legal Standards

#### 1.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

---

[2] According to Plaintiff, defendant Medina puts memos on the window at the pill line to mostly cover up the window. (ECF No. 9, p. 9). Additionally, inmates are required to reach, almost blindly, inside a slot to retrieve their medication. (Id.). "In other words, if there was a snake on the other side of her window, we'd all have been bitten." (Id.).

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

### 2. **Visual Cavity Search**

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa County Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and

the place in which it is conducted. Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

Plaintiff's original complaint did not appear to be challenging the searches themselves. Instead, Plaintiff appeared to be arguing that custody staff should have conducted the searches, not a licensed vocation nurse ("LVN"). However, in his First Amended Complaint, Plaintiff does not suggest that custody staff should have conducted the searches instead of defendant Medina, who is an LVN. Instead, Plaintiff appears to allege that the searches themselves were unconstitutional. Plaintiff also states that defendant Medina is the only nurse who forced inmates to lift their tongues after they take medication.

Based on the documents provided by Plaintiff, the Inmate Medical Services Policies and Procedures states that "health care staff administering medication through Direct Observed Therapy (DOT) in pill call lines 'shall verify that the medication(s) has been swallowed by completing a visual mouth check and viewing the empty cup.'" (ECF No. 9, p. 14). Therefore, it appears that there is an official policy allowing LVNs to conduct at least a limited visual search of an inmate's mouth.

The Court is aware of no legal authority that states that an LVN, who is apparently employed by the CDCR, violates the constitution by conducting a visual check of the mouth of an inmate who just received medication. To the contrary, this appears to be a reasonable search. Apparently in order to ensure that Plaintiff did in fact take his medication, defendant Medina looked in Plaintiff's mouth (including under his tongue). The invasion was minimal, and the prison has a legitimate interest in ensuring that medication is taken properly.

Accordingly, based on the foregoing, the Court finds that Plaintiff has failed to state a claim under the Fourth Amendment.

### 3. **"Deliberate Indifference Harassment" and "Mental Anguish"**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992)

(citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under section 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); accord Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).

Searches designed to harass an inmate can violate that inmates Eighth Amendment rights. Hudson v. Palmer, 468 U.S. 517, 530 (1984).

While Plaintiff has provided additional details regarding the alleged harassment by defendant Medina, almost all of the alleged harassment is verbal harassment (and other forms of non-physical harassment). These allegations are not enough to state a claim for violation of the Eighth Amendment.

Plaintiff also alleged that defendant Medina harassed Plaintiff by having Plaintiff lift his tongue after he took his medication. While searches designed to harass Plaintiff could violate his Eighth Amendment rights, as analyzed above, these searches appear reasonable. Defendant Medina required Plaintiff to lift his tongue after he took his medication, in compliance with policy and apparently in an effort to ensure that Plaintiff actually took his medication. Accordingly, Plaintiff has failed to state a claim for violation of the Eighth Amendment.

Additionally, under the standards above, Plaintiff's mental anguish claim is not cognizable under the Eighth Amendment because the alleged cause of the anguish was either verbal harassment (and other forms of non-physical harassment), or reasonable visual searches under Plaintiff's tongue. Moreover, if Plaintiff intended to bring his mental anguish claim as a

state law claim, Plaintiff has failed to state a cognizable claim because Plaintiff failed to allege compliance with the Government Claims Act.[3] Additionally, as Plaintiff has failed to state a cognizable federal claim, the Court does not have jurisdiction over any state law claims that Plaintiff has asserted, or could assert. 28 U.S.C. §§ 1332, 1367.

## IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend his complaint, with ample guidance provided by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, based on Plaintiff's failure to state a claim upon which relief may be granted;
2. Plaintiff's section 1983 claims are dismissed with prejudice;
3. Plaintiff's state law claims are dismissed without prejudice;
4. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015); and

\\\

---

[3] The California state legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. A tort claim against the state or state employees must be presented to the California Victim Compensation and Government Claims Board no later than six months after the cause of action accrues. Cal. Govt.Code §§ 910, 911.2, 945.4, 950, 950.2.; State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 13 Cal.Rptr. 534 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). Conditions precedent to suit against a public employee include presentation of a written claim and action on or rejection of the claim and alleging compliance with the Government Claims Act. "[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement" or be "subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." State v. Superior Court (Bodde), 32 Cal.4th at 1243.

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 10, 2017**                    /s/ *Eric P. Grosjean*
                                             UNITED STATES MAGISTRATE JUDGE